# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLIMATE INVESTIGATIONS CENTER,<br>    PO Box 91<br>    Alexandria, VA 22313 | :<br>:<br>:<br>: | |
| Plaintiff, | : | |
| v. | :<br>: | Civil Action No. 1:23-cv-00078 |
| COUNCIL ON ENVIRONMENTAL QUALITY,<br>    730 Jackson Place, NW<br>    Washington, DC 20503 | :<br>:<br>:<br>:<br>: | |
| Defendant. | : | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.  Plaintiff Climate Investigations Center ("CIC") asserts a violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by Defendant Council on Environmental Quality ("CEQ") for failing to respond to CIC's FOIA request within the statutorily prescribed period of time.

2.  CIC filed a FOIA request on August 26, 2021, seeking documents related to the creation of a nationwide high-pressure carbon dioxide pipeline network. As described in CIC's FOIA request, this network would be established as part of the U.S. government's plans to expand carbon capture and storage ("CCS"). FOIA requires CEQ to respond to a request for records within 20 business days. After multiple emails and phone calls initiated by CIC, CEQ provided 207 pages of responsive documents on May 27, 2022. As of the date of this filing, CEQ has not completed the production of records or provided a final determination.

3.  CIC has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) and now seeks a declaration that CEQ violated FOIA by failing to disclose

responsive records by the statutory deadline and an injunction ordering CEQ to produce all non-exempt, responsive records by a date certain, without further delay. CIC also seeks other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff CIC is a public interest organization made up of researchers and advocates that inform the public, the media, and policymakers on energy and climate change issues. In particular, CIC provides information on the influence of corporations, trade associations, and individuals who seek to impact climate change and energy policy.

7. Kert Davies, the Director of CIC, submits FOIA requests on behalf of CIC. CIC relies on public records requests to conduct research and inform the public about energy and climate matters.

8. Defendant CEQ is an agency as defined by FOIA, 5 U.S.C. § 552(f)(1). The requested records are in the possession and control of CEQ.

## STATUTORY BACKGROUND

9. Pursuant to FOIA, unless an agency demonstrates that records are exempt from disclosure under one of the nine statutory exemptions in the Act, it must make records available to a person upon proper request. 5 U.S.C. §§ 552(a)(3)(A), (b)(1)-(9).

10. Within 20 working days of receiving a request, a federal agency shall determine whether to comply with the request. 5 U.S.C. § 552(a)(6)(A). The agency must also notify the requester of the reasons for the agency's determination, the requestor's options for assistance through the FOIA Public Liaison, and, in the event of an adverse determination, the right of appeal. *Id*.

11. In "unusual circumstances," agencies may extend the deadline for issuing a determination up to 10 business days. 5 U.S.C. § 552(a)(6)(B)(i). An extension beyond 10 working days is permitted if the agency notifies the requester that the FOIA request cannot be processed before the extended deadline and gives the requester an "opportunity to limit the scope of the request . . . or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

12. A requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . ." 5 U.S.C. § 552(a)(6)(C).

13. This Court may assess attorneys' fees and other litigation costs against the United States if a FOIA requester substantially prevails in an action challenging the withholding of records by an agency. 5 U.S.C. § 552(a)(4)(E).

**FACTUAL ALLEGATIONS**

14. In recent years, the government has begun focusing more intensively on CCS as a means of combatting climate change. CCS is generally understood as a process that captures carbon dioxide from power plants and industrial sources and sequesters it underground.

15. On June 30, 2021, CEQ delivered a report on carbon capture, utilization,[1] and sequestration ("CCUS") to Congress, as required by the Utilizing Significant Emissions with Innovative Technologies ("USE IT") Act.

16. The Report to Congress on Carbon Capture, Utilization, and Sequestration ("Report") identifies the existing permitting requirements for CCUS and best practices for advancing the development of CCUS projects.

17. On August 26, 2021, Mr. Davies submitted a FOIA request on behalf of CIC to CEQ seeking documents related to the Report, the creation of carbon dioxide pipelines, and the expansion of CCS. Specifically, Mr. Davies requested "all communications, drafts and documents pertaining to environmental justice, health risk assessment and the safety of carbon dioxide (CO2) pipelines during the development of the Council on Environmental Quality Report to Congress on Carbon Capture, Utilization and Sequestration (June 2021)." This request included "any and all communications about the use of pipeline maps" in the Report as well as communications between CEQ and other federal agencies or outside parties "pertaining to the safety of CO2 transport and CO2 pipelines or environmental justice concerns around CCS projects from January to June 2021." Mr. Davies additionally requested copies of documents or communications created or received by CEQ between January 2021 and August 2021 regarding the production of the Report or any discussion of CCS and the following topic areas: "CO2 pipeline routes"; "health and safety risks to communities"; "environmental justice"; "pipeline construction specifications"; "risk assessments pertaining to leaks from or accidents involving CO2 pipelines"; "experiments or modelling of CO2 pipeline accidents or leaks"; "potential

---

[1] Carbon utilization refers to carbon being used for carbonation and enhanced oil recovery instead of being sequestered.

safety risks of contamination of the CCUS CO2 waste stream, including hydrogen sulfide, water or other contaminants"; and/or "emergency response preparedness for CO2 pipeline accidents and attacks (for example, training and safety of first responders and healthcare workers and warning systems)."

18. CEQ failed to acknowledge receipt of the request and provide a case number until September 28, 2021, more than 20 working days after the request was submitted.

19. In December 2021 and January 2022, CIC emailed CEQ requesting a status update. On January 5, 2022, CEQ wrote that it was "just about done with the SEARCH phase" of responding to CIC's request. CEQ additionally noted that 398 documents were initially identified and that 210 of those documents were deemed potentially responsive.

20. CIC continued to follow up with CEQ, inquiring about the status of the request via phone calls and emails between February 18, 2022, and May 27, 2022.

21. On May 27, 2022, CEQ provided 207 pages of responsive documents and indicated that more documents would be released later. CEQ stated in its "first interim response" that the provided documents were those "that d[id] not need to be sent to other agencies for consultation." These pages contained redactions pursuant to 5 U.S.C. § 552(b)(5) ("Exemption 5") and 5 U.S.C. § 552(b)(6) ("Exemption 6"). CEQ also indicated that it withheld a draft version of the Report in full pursuant to Exemption 5. CEQ did not provide an estimated date of production for the remaining documents.

22. On October 5, 2022, counsel for Mr. Davies and CIC sent an email to CEQ requesting a reasonable estimated completion date for the request, taking into account the already extensive delays. CEQ failed to respond to this email.

23. In the sixteen months since this request was submitted, Mr. Davies and his counsel have called and emailed CEQ multiple times, but CEQ has failed to provide a final agency determination or any documents beyond the 207 pages provided on May 27, 2022.

24. By not providing all responsive records or a written determination within 20 business days, CEQ has failed to comply with FOIA's requirements.

## CLAIM FOR RELIEF

### Claim One: CEQ Is Unlawfully Withholding Agency Records

25. Paragraphs 1-24 are incorporated herein by reference.

26. CEQ's failure to make a determination on CIC's FOIA request or disclose the requested records within the statutorily mandated time frame is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the CEQ regulations promulgated thereunder, 40 C.F.R. § 1515 *et seq*.

27. Pursuant to FOIA, an agency must identify and produce material in response to a reasonably described FOIA request. 5 U.S.C. § 552(a)(6)(A)(i). CEQ has provided no legal basis for withholding material and is in violation of FOIA for failing to provide records in response to CIC's request.

### Claim Two: CEQ Failed to Provide a Proper Determination

28. Paragraphs 1-27 are incorporated herein by reference.

29. CEQ has failed in its duty to provide CIC with a proper determination pursuant to 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(F).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1)   Declare that Defendant violated FOIA by failing to provide responsive records within the statutory time frame and by failing to issue a final determination in response to Plaintiff's FOIA request;

2)   Enjoin Defendant from withholding responsive material and compel Defendant to provide records to Plaintiff without delay;

3)   Order that Defendant provide a determination in response to Plaintiff's request that includes reasons for withholding records as required under FOIA;

4)   Maintain jurisdiction over this action until Defendant is in compliance with FOIA and every order of this Court;

5)   Grant the Plaintiff's costs of litigation and reasonable attorneys' fees, pursuant to 5 U.S.C. § 552(a)(4)(E).

6)   Order such additional relief as the Court deems just and proper.


DATED January 11, 2023


Respectfully submitted,

By:   /s/ Zehava Robbins
Zehava Robbins
D.C. Bar # 242265
Public Records Counsel
Essential Information, Inc.
1718 Connecticut Ave. NW
Washington, DC 20009
(202) 643-6267
zrobbins@essential.org


Allison Kole
D.C. Bar # 1031724
Counsel

Essential Information, Inc.
1718 Connecticut Ave. NW
Washington, DC 20009
(202) 596-7540
akole@essential.org

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLIMATE INVESTIGATIONS CENTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:23-cv-00078 |
| | : | |
| COUNCIL ON ENVIRONMENTAL QUALITY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I certify that on January 11, 2023, a copy of the Complaint for Injunctive and Declaratory Relief was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and by certified mail.

Respectfully submitted,

By:   /s/ Zehava Robbins
Zehava Robbins
D.C. Bar # 242265
Public Records Counsel
Essential Information, Inc.
1718 Connecticut Ave. NW
Washington, DC 20009
(202) 643-6267
zrobbins@essential.org


Allison Kole
D.C. Bar # 1031724
Counsel
Essential Information, Inc.
1718 Connecticut Ave. NW
Washington, DC 20009

(202) 596-7540
akole@essential.org

*Attorneys for Plaintiff*